UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SPENCER ROLAND BUENO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CBOE GLOBAL MARKETS, INC., et al., <br><br> Defendants. | Case No. 1:18-cv-02435 <br><br> <u>CLASS ACTION</u> <br><br> The Honorable Manish S. Shah |
| AMY HUANG, On Behalf of Herself and All Those Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CHICAGO BOARD OPTIONS EXCHANGE, INC., et al., <br><br> Defendants. | Case No. 1:18-cv-02460 <br><br> <u>CLASS ACTION</u> <br><br> The Honorable Manish S. Shah |

[Caption continued on following page.]

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT
OF SPENCER ROLAND BUENO AS LEAD PLAINTIFF AND
APPROVAL OF SELECTION OF LEAD COUNSEL

1439563_1

| | |
|---|---|
| ALEX PALATIELLO, On Behalf of Himself and All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>CBOE EXCHANGE, et al.,<br><br>                    Defendants. | Case No. 1:18-cv-02490<br><br>CLASS ACTION<br><br>The Honorable Manish S. Shah |
| WILLIAM SIEGEL, On Behalf of Himself and All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>  vs.<br><br>CBOE EXCHANGE, INC., et al.,<br><br>                    Defendants. | Case No. 1:18-cv-03021<br><br>CLASS ACTION<br><br>The Honorable Manish S. Shah |
| NATHAN L. TERWILLIGER, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>CBOE GLOBAL MARKETS, INC., et al.,<br><br>                    Defendants. | Case No. 1:18-cv-03074<br><br>CLASS ACTION<br><br>The Honorable Manish S. Shah |
| COREY BURNELL, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>  vs.<br><br>CBOE GLOBAL MARKETS, INC., et al.,<br><br>                    Defendants. | Case No. 1:18-cv-03355<br><br>CLASS ACTION<br><br>The Honorable Manish S. Shah |

1439563_1

Class member and proposed lead plaintiff Spencer Roland Bueno ("Bueno") respectfully submits this memorandum of law in support of his Motion for an order: (1) appointing Bueno lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 78 U.S.C. §78u-4(a)(3)(B); and (2) approving Bueno's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") as lead counsel for the proposed class.

I.  **PRELIMINARY STATEMENT**

Presently pending in this District is a securities class action (the "Action") brought on behalf of investors who held or traded S&P 500 ("SPX") option contracts ("SPX Options"), CBOE Volatility Index ("VIX") option contracts ("VIX Options"), futures based on the VIX ("VIX Futures"), or VIX Exchange Traded Products ("VIX ETPs") (collectively, "VIX Instruments") on exchanges run by CBOE Global Markets, Inc. and its affiliates ("CBOE") during the Class Period[1] and were injured as a result of the alleged misconduct.

Bueno understands that his Action is one among many arising out of similar facts and awaiting a decision from the U.S. Judicial Panel on Multidistrict Litigation (the "MDL") regarding whether and how to coordinate or consolidate. The PSLRA, however, which is currently applicable to at least Bueno's Action, provides that any member of the purported class must move the Court to be appointed as lead plaintiff within 60 days after the date on which the statutory notice is published, or by June 4, 2018. *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A).

Bueno thus respectfully submits he is the presumptively most adequate plaintiff in this case because he has filed a timely "motion in response to a notice," believes he has the "largest financial

---

[1] The Class Period in the *Bueno* Complaint is from March 26, 2004 to the present in the case of VIX Futures and SPX Options; from February 24, 2006 to the present in the case of VIX Options; and from August 2008 to the present in the case of VIX ETPs. *See* ECF No. 1, ¶158 (Class Action Complaint "Complaint").

interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Bueno's selection of Robbins Geller Rudman & Dowd LLP and Quinn Emanuel Urquhart & Sullivan, LLP as lead counsel for the purported class is reasonable and should be approved. 15 U.S.C. §78u-4(a)(3)(B)(v).

Because Bueno satisfies the statutory criteria for appointment as lead plaintiff, the Court should grant this Motion.

## II.   SUMMARY OF THE RELATED ACTIONS[2]

The CBOE Volatility Index (the "VIX") is widely known as the U.S. stock market's "fear gauge," in that it seeks to measure the expected volatility of the S&P 500. CBOE created the VIX to measure volatility in the equity market pursuant to an exclusive licensing agreement with S&P to use S&P's benchmark figure for the value of the equity market, *i.e.*, the S&P 500 ("SPX"). Having secured an exclusive license on SPX in order to create the VIX, CBOE has since built a suite of proprietary products based upon both, including: VIX Instruments.

As alleged in the Complaint, despite knowing that the settlement process it created and administered was itself a type of deceptive device – as it allowed a privileged few to game the process to produce a desired set of cash payments to their advantage – CBOE continuously marketed VIX, and VIX Options and Futures, as "the world's premier barometer of investor sentiment and market volatility," and VIX Futures, as "a pure play on implied volatility independent of the direction and level of stock prices." ECF No. 1, ¶12. These statements to the market were all false and misleading, as were the VIX Options and Futures settlement values that CBOE calculated and published to the market. As CBOE knew, the settlement values for VIX Options and Futures were not being driven by natural market forces of supply and demand, but rather by the unlawful profit

---

[2]   The factual background is a summary of the *Bueno* Complaint allegations. *See* ECF No. 1.

motives of a privileged few. And as CBOE also knew, all of this manipulation was being carried out through the John Doe Defendants' use of SPX Options, another product proprietary to CBOE, and tradable only on CBOE's exchange.

As a consequence of these activities, the Complaint alleges that CBOE and a few of its preferred traders violated the Securities and Exchange Act of 1934, the Commodity Exchange Act, and the Sherman Antitrust Act. As another consequence, the proposed class has suffered, and continues to suffer, substantial economic harm and damages on an ongoing basis. Defendants' misconduct has also eroded the public confidence vital to the robust and orderly functioning of the marketplace.

Bueno is, like others, awaiting a decision by the MDL panel with respect to whether and how to consolidate or coordinate at least 19 actions arising out of the same core facts. Bueno's Complaint includes a claim for manipulation in violation of Rule 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 against CBOE. Other complaints that will be subject to the MDL panel's decision purport to have avoided the PSRLA's requirements by not facially invoking claims under it, instead alleging the same instruments are governed by other laws.

### III. ARGUMENT

#### A. Plaintiff Bueno Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is

published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published the same day the Complaint was filed on April 5, 2018 via *Business Wire*. *See* Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Bueno meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. This Motion Is Timely

The statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period and the right to move the Court to be appointed as lead plaintiff within 60 days, or by June 4, 2018. *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because Bueno's Motion has been timely filed by the statutory deadline, he is eligible for appointment as lead plaintiff.

### 2. Bueno Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Bueno purchased and sold in the aggregate nearly 3 million VIX Instruments, which were affected by Defendants' misconduct. Motion, Exs. B-C. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 407 (S.D.N.Y. 2004) (adopting the movants' "aggregate trades theory" to assess the "comparison among the candidates for lead plaintiff"). With a total dollar value exceeding $76 million, these transactions represent the largest financial interest in the relief sought by the class. *See* Motion, Exs. B-C; 15

- 4 -

U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).  Upon information and belief, no other qualified class member has sought, or is seeking, appointment as lead plaintiff with a larger financial interest.

### 3. Bueno Otherwise Satisfies Rule 23

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4).  "At this stage of the litigation, 'typicality and adequacy of representation are the only relevant considerations.'" *Bristol Cty. Ret. Sys. v. Allscripts Healthcare Sols., Inc.*, No. 12 C 3297, 2012 WL 5471110, at *5 (N.D. Ill. Nov. 9, 2012) (quoting *In re Motorola Sec. Litig.*, No. 3 C 287, 2003 WL 21673928, at *3 (N.D. Ill. July 16, 2003) ("A wide-ranging analysis of the Rule 23 factors should be left for consideration of a motion for class certification.").

"'A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members' and is 'based on the same legal theory.'"[3] *Bristol Cty. Ret. Sys.*, 2012 WL 5471110, at *5.  "'To meet the adequacy requirement, the plaintiff must demonstrate that (1) his claims are not antagonistic or in conflict with those of the [purported] class; (2) he has sufficient interest in the outcome of the case to ensure zealous advocacy; [and] (3) he is represented by competent, experienced counsel who will be able to prosecute the litigation vigorously.'" *Id.*

Bueno satisfies both requirements here.  Indeed, Bueno's claims are typical of the purported class members' claims as he purchased VIX Instruments during the Class Period and suffered damages as a result of defendants' alleged wrongdoing.  In addition, Bueno has no conflict with the

---

[3] Unless otherwise noted, citations are omitted and emphasis is added, here and throughout.

- 5 -

1439563_1

putative class and the significant loss suffered provides strong indicia that Bueno will maximize the net recovery for the class. Moreover, Bueno is represented by competent, experienced counsel who will be able to prosecute this litigation vigorously.

Because Bueno filed a timely motion, has a large financial interest in the relief sought by the putative class and is typical and adequate, the Court should adopt the presumption that Bueno is the "most adequate plaintiff."

### B. The Court Should Approve Bueno's Selection of Counsel

The "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §78u-4(a)(3)(B)(v). In this case, Bueno has selected Robbins Geller and Quinn Emanuel as lead counsel. *See* Motion, Exs. D-E.

Robbins Geller, a 200-attorney firm with offices nationwide and in this District, regularly practices complex securities litigation. Motion, Ex. D. Robbins Geller's reputation for excellence has been repeatedly noted by district courts throughout the country and has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See id.* In this District, on October 20, 2016, after 14 years of tireless litigation, Robbins Geller obtained final approval of a record-breaking $1.575 billion recovery in the Household International (now HSBC Finance Corporation) securities class action. In approving the settlement, Judge Alonso noted the attorneys' "skill and determination" while recognizing that "Lead Counsel prosecuted the case vigorously and skillfully over 14 years against nine of the country's most prominent law firms" and "achieved an exceptionally significant recovery for the class." Motion, Ex. F at 2; *id.*, Ex. G at 56, 65. The court added that the team faced "significant hurdles" and "uphill battles" throughout the case and recognized that "[c]lass counsel performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux." Ex. G at

- 6 -

56, 65. The *Household* case demonstrates Robbins Geller's willingness to commit the necessary resources to protect the class's interests.

Similarly, Quinn Emanuel is the largest law firm in the world devoted solely to business and complex securities litigation, with more than 650 lawyers nationwide. Quinn Emanuel was among the first law firms to bring claims on behalf of large investors against banks for misrepresenting their residential mortgage-backed securities and other structured products. The complaints in those cases relied on sophisticated economic analyses, as will the operative complaint in this case. Quinn Emanuel's reputation for excellence has been repeatedly noted by judges throughout the United States, resulting in Quinn Emanuel's appointment to lead roles in numerous complex class action cases. *See, e.g.*, Motion, Ex. H at 4 (appointing Quinn Emanuel as co-lead counsel and citing its size and "more creative approach"); *id.*, Ex. I at 5 (noting that Quinn Emanuel and Robbins Geller have "substantially more resources at their disposal than the other applicant teams").

Quinn Emanuel's success in these practice areas is perhaps best exemplified by the *CDS* antitrust action. *Id.*, Ex. J at 37. The Honorable Denise L. Cote appointed Quinn Emanuel to be the "private attorney general" in that action, recognizing that:

> [Quinn Emanuel] has a track record, a knowledge of the CDS market and antitrust litigation. It's well equipped with trial lawyers who can actually go into court and try a case. It has run massive discovery cases by itself essentially. And it has extraordinary strengths with respect to appellate litigation. . . . It has European offices. It has a substantial New York presence. It's familiar with litigating against these very banks. It's familiar with litigating in this courthouse.

*Id.*, Ex. J at 37-38. It took Quinn Emanuel's unmatched resources and expertise to develop the *CDS* case to the point where, despite the lack of regulatory action, all defendants settled for $1.87 billion. *See id.*, Ex. K at 9-10. In his declaration supporting the terms of the settlement of the *CDS* case, the mediator, the Honorable Daniel Weinstein (Ret.), stated:

> I would go so far as to say that, in 30-plus years of mediating high-stakes disputes, this was one of the finest examples of efficient and effective lawyering by plaintiffs' counsel that I have ever witnessed. I have rarely, if ever, observed a Plaintiff in a

- 7 -

case of this complexity and size, achieve a result of this magnitude with the speed that Plaintiffs achieved here.

*Id.*, Ex. L. at 2.

Based upon Robbins Geller's and Quinn Emanuel's extensive experience and proven track record as counsel in complex securities and financial class actions, Bueno's selection of Robbins Geller and Quinn Emanuel as lead counsel is reasonable and should be approved.

### IV. CONCLUSION

Bueno has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Bueno respectfully submits he should be appointed lead plaintiff and his selection of Robbins Geller and Quinn Emanuel as lead counsel should be approved.

DATED: June 4, 2018                                  Respectfully submitted,

                                                    ROBBINS GELLER RUDMAN
                                                               &DOWD LLP
                                                    DAVID W. MITCHELL
                                                    BRIAN O. O'MARA
                                                    STEVEN M. JODLOWSKI

                                                        s/ Brian O. O'Mara
                                                         BRIAN O. O'MARA

                                            655 West Broadway, Suite 1900
                                            San Diego, CA 92101
                                            Telephone: 619/231-1058
                                            619/231-7423 (fax)
                                            davidm@rgrdlaw.com
                                            bomara@rgrdlaw.com
                                            sjodlowski@rgrdlaw.com

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            JAMES E. BARZ (IL Bar # 6255605)
                                            FRANK A. RICHTER (IL Bar # 6310011)
                                            200 South Wacker Drive, 31st Floor
                                            Chicago, IL 60606
                                            Telephone: 312/674-4674
                                            312/674-4676 (fax)
                                            jbarz@rgrdlaw.com
                                            frichter@rgrdlaw.com

|  |  |
|---|---|
|  | ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>PATRICK J. COUGHLIN<br>30 Vesey Street, Suite 200<br>New York, NY  10007<br>Telephone:  (212) 693-1058<br>619/231-7423 (fax)<br>patc@rgrdlaw.com |
|  | ROBBINS GELLER RUDMAN<br>   & DOWD LLP<br>JASON C. DAVIS<br>Post Montgomery Center<br>One Montgomery Street, Suite 1800<br>San Francisco, CA  94104<br>Telephone:  415/288-4545<br>415/288-4534 (fax)<br>jdavis@rgrdlaw.com |
| DATED:  June 4, 2018 | QUINN EMANUEL URQUHART<br>   & SULLIVAN, LLP<br>JONATHAN C. BUNGE (Il. Bar #6202603)<br>DANIEL R. LOMBARD (Il. Bar #6290071) |

                                                            s/ Jonathan C. Bunge
                                                              JONATHAN C. BUNGE

                                                 191 N. Wacker Drive, Suite 2700
                                                 Chicago, IL  60606
                                                 Telephone:  312/705-7400
                                                 312/705-7401 (fax)
                                                 jonathanbunge@quinnemanuel.com
                                                 daniellombard@quinnemanuel.com

                                                 QUINN EMANUEL URQUHART
                                                   & SULLIVAN, LLP
                                                 DANIEL L. BROCKETT (Admitted *Pro Hac Vice*)
                                                 TOBY E. FUTTER (Admitted *Pro Hac Vice*)
                                                 DAVID LeRAY (Admitted *Pro Hac Vice*)
                                                 CHRISTOPHER M. SECK (Admitted *Pro Hac Vice*)
                                                 THOMAS POPEJOY (Admitted *Pro Hac Vice*)
                                                 51 Madison Avenue, 22nd Floor
                                                 New York, NY  10010
                                                 Telephone:  212/849-7000
                                                 212/849-7100 (fax)
                                                 danbrockett@quinnemanuel.com
                                                 tobyfutter@quinnemanuel.com
                                                 davidleray@quinnemanuel.com
                                                 christopherseck@quinnemanuel.com
                                                 thomaspopejoy@quinnemanuel.com

- 10 -

                    QUINN EMANUEL URQUHART
                        & SULLIVAN, LLP
                    JEREMY D. ANDERSEN (Admitted *Pro Hac Vice*)
                    865 S. Figueroa Street, 10th Floor
                    Los Angeles, CA 90017-2543
                    Telephone: 213/624-7707
                    213/624-0643 (fax)
                    jeremyandersen@quinnemanuel.com

                    [Proposed] Lead Counsel for Plaintiff

1439563_1

CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2018, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury that the foregoing is true and correct. Executed on June 4, 2018.

                                                    s/ BRIAN O. O'MARA
                                                    BRIAN O. O'MARA

                                                    ROBBINS GELLER RUDMAN
                                                              &amp; DOWD LLP
                                                    655 West Broadway, Suite 1900
                                                    San Diego, CA 92101-8498
                                                    Telephone: 619/231-1058
                                                    619/231-7423 (fax)

                                                    E-mail: bomara@rgrdlaw.com

1439563_1

## Mailing Information for a Case 1:18-cv-02435 Bueno v. CBOE Global Markets, Inc. et al

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jeremy D. Andersen**
  jeremyandersen@quinnemanuel.com

- **James E Barz**
  jbarz@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Gregory M. Boyle**
  gboyle@jenner.com,MFuentes@jenner.com,docketing@jenner.com,CGioielli@jenner.com,PKovoor@jenner.com,ANoll@jenner.com

- **Daniel L. Brockett**
  danbrockett@quinnemanuel.com

- **Jonathan Christian Bunge**
  jonathanbunge@quinnemanuel.com,amandamcguire@quinnemanuel.com,calendar@quinnemanuel.com

- **Patrick J Coughlin**
  patc@rgrdlaw.com,E_File_SD@rgrdlaw.com,sjodlowski@rgrdlaw.com,DavidM@rgrdlaw.com,jdavis@rgrdlaw.com,ckopko@rgrdlaw.com

- **Toby Edward Futter**
  tobyfutter@quinnemanuel.com

- **Steven M. Jodlowski**
  SJodlowski@rgrdlaw.com

- **David LeRay**
  davidleray@quinnemanuel.com

- **Daniel R. Lombard**
  daniellombard@quinnemanuel.com,amandamcguire@quinnemanuel.com,calendar@quinnemanuel.com

- **David W. Mitchell**
  DavidM@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Brian O O'Mara**
  bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Thomas Popejoy**
  thomaspopejoy@quinnemanuel.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com

- **Reid J Schar**
  rschar@jenner.com,docketing@jenner.com

- **Christopher M. Seck**
  christopherseck@quinnemanuel.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`