IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: CHICAGO BOARD OPTIONS
EXCHANGE VOLATILITY INDEX
MANIPULATION ANTITRUST LITIGATION

No. 18 CV 4171
MDL No. 2842

**MEMORANDUM ACCOMPANYING ORDER APPOINTING PLAINTIFFS' LEADERSHIP COUNSEL**

There were several competing proposals for leadership structure and roles, and no dearth of skilled and well-resourced counsel available to take on this project. Ultimately, I was not persuaded that this case, at this stage, needs a large committee. Nor was it necessary or appropriate to carve up assignments based on legal theories. So long as the leadership group represents clients who traded in the gamut of products—VIX options, futures, and exchange-traded products, and SPX options—and who have sufficient stakes in their individual claims, the relevant interests will be adequately represented. The leadership group not only covers the different products but also includes counsel who identified a range of legal theories and sued Does, Cboe defendants, and market-maker defendants. Co-lead counsel will have to decide what claims to bring in an amended complaint, and the leadership group I have appointed will no doubt be able to make those decisions after some deliberation.

I appreciate that some lawyers who conducted an investigation and invested in crafting a complaint find themselves without an express leadership role. But there should be no pride of authorship or novelty here. There is sufficient overlap in the premise of each complaint that for present purposes and to move things along expeditiously, a leanly staffed group is appropriate. This, of course, means that some talented attorneys are left out for now. I also appreciate that I rejected proposals for certain attorneys to work together, and neither Ms. Justice nor Mr. Bunge sought to be appointed co-lead with each other. I hope and expect, however, that counsel will put aside any lingering friction and—consistent with their obligations to this court and the putative classes—work together to organize plaintiffs' claims into an appropriate amended complaint. The point of a one-year term is to allow me to revisit the leadership structure and change it when the case develops to a more advanced posture.

The amended complaint may or may not pursue a PSLRA claim and may or may not name non-Cboe defendants; those decisions are for co-lead counsel to make. But under 15 U.S.C. § 78u–4(a)(3), and with no opposition, I appoint Spencer Roland Bueno lead plaintiff for any securities-law claims, and Mr. Bunge as

counsel.* Whether Bueno's Cboe-first approach makes sense will depend on the complaint that gets filed. It seems likely, however, that Cboe and market-maker defendants can be named in an amended complaint and motions to dismiss from both types of defendants can be resolved at the same time, without discovery. Because Doe discovery will have significant overlap with merits discovery, and since at least some plaintiffs believe they can state claims now against non-Cboe defendants, I remain inclined to put an amended complaint to the motion-to-dismiss test sooner rather than later.

      A consolidated master amended complaint is due September 14, 2018, and a status hearing is set for September 7, 2018 at 11:30 a.m. The clerk shall make arrangements for non-lead counsel to listen to the proceedings by phone.

ENTER:

Date: August 16, 2018

Manish S. Shah
U.S. District Judge

---

* The clerk will docket a copy of this order in case number 18 C 2435 (N.D. Ill.). Bueno selected and retained the firms Robbins Geller Rudman & Dowd, LLP and Quinn Emanuel Urquhart & Sullivan, LLP, as counsel. Because of the added complexity of the MDL and the other claims and plaintiffs that will need to be taken into account, I limit the appointment of lead counsel for securities-law claims to Mr. Bunge for now. It may become appropriate to expand the lead counsel designation for securities-law claims to Robbins Geller and other Quinn Emanuel attorneys, but it is unnecessary to do so at this time.